(Decided May 5th, 1863.)

--------

CHRISTOPHER C. DOWNS AND LUTHER O. DOWNS *vs.* THE STATE OF MARYLAND.

The offence, by a retailer, of suffering any liquors sold by him to be drank in or about his house, by Art. 70, sec. 3, of the Code, is not to be inquired of by presentment and indictment; but Courts having cognizance of the offence, *on application or remonstrance*, may withdraw from any person so offending, his or her license to sell spirituous or fermented liquors, and shall exercise a sound discretion relative thereto.

---
Downs *vs.* State.
---

Where, in the Court below, there was a demurrer to the indictment, and a motion in arrest of judgment, and the appellate Court find that the whole prosecution and judgment are without warrant of law, a *procedendo* will not be granted, there being nothing on which the writ could operate.

APPEAL from the Circuit Court for Washington county.

The appellants in this case were indicted at the November Term, 1860, of the Circuit Court for Washington county, the indictment charging that the appellants, "being licensed retailers in Washington county, on the 18th day of February 1860, did unlawfully and wilfully then and there suffer liquors, mixed and unmixed, by them sold to divers persons," (some named and others to the jurors unknown,) "to be drunk in or about their store-house." The appellants demurred to each and every count of the indictment; but said demurrer was overruled by the Court. A motion was then made by the appellants, that the State should be required to elect upon which count of the indictment it would go to trial, which motion being also overruled, they pleaded "*not guilty*" to all of said counts. There being a verdict of "*guilty*" generally, the appellants moved in arrest of judgment; but said motion was overruled, and the Court (PERRY, J.) thereupon adjudged the traversers to pay a fine of $10, and $60.43 costs; from which judgment the traversers appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH and COCHRAN, J.

*R. H. Alvey*, for the appellant:

The Act of 1780, ch. 24, was limited to seven years duration, but was revived and extended for seven years more by the Act of 1787, ch. 38. The latter Act, however, was repealed by the Act of 1791, ch. 83, and with it the original Act also expired. If, however, such was not the result of the aforesaid legislation, such was unquestionably the

effect of the Act of 1827, ch. 117. That Act was a revision of the whole subject, and therefore, by implication, repealed all prior laws relating to and providing for the same objects. 12 *Mass. Rep.*, 537. 5 *Pick.*, 168.

The codifiers did not regard the Act of 1780 as still in force, as they have omitted it from the Code. If not in force, of course the indictment must fail. The Code was adopted on the 12th of January 1860, and thereby all former statutes, of a public character, were repealed. The time laid in this indictment, in respect to all the counts, was the 18th of February 1860. The indictment was demurred to, and the question is raised, whether the acts charged to have been unlawfully done, should not have been alleged to have been committed within that time or period when they were supposed to constitute an offence against the statute. It is not pretended that there was any law, on the 18th of February 1860, making the acts of which the parties are charged a crime. The indictment, therefore, as it stands, charges no offence. It is therefore fatally defective, and no judgment could be rendered upon it.

The indictment was found and the judgment rendered by the Court below under the Act of 1780, ch. 24; but it is now attempted, for the first time, to maintain the indictment under the 70th Art. of the Code, in relation to "Ordinary Keepers and Retailers."

This clearly cannot be done. The 3rd section of that Article does not contemplate proceeding by indictment. It is upon "application or remonstrance" only, that the Circuit Courts, and in their recess, the Orphans' Courts may, in the exercise of a sound discretion relative thereto, withdraw the license of the offending party. No other penalty is imposed than the deprivation of license, and that only in the exercise of a sound discretion, not of grand or petit juries, but of the Circuit or Orphans' Courts. Here,

upon the verdict of a jury, a judgment imposing a pecuniary fine, was rendered, and the license of the party is in no manner interfered with. Such proceeding and judgment were wholly unauthorized by law, and the judgment should therefore be reversed, and the proceedings quashed or dismissed.

*W. Motter,* for the appellee:

The original Act of Assembly, under which prosecutions like the present were had, was 1780, ch. 24, sec. 10, and the penalty for its violation was a fine of ten dollars. Art. 70, sec. 3, of the Code, relates to the same matter, and provides for the withdrawal of the license of the person offending.

As to whether an indictment will lie in such cases under the Code, see *Wh. Am. Cr. Law,* 4th ed., secs. 10 and 11; 1 *Russ on Cr.,* 8th Am. ed., 49.

In support of the ruling of the Court below, on the motion requiring the State to elect upon which count of the indictment it would go to trial, we refer to *Wh. Am. Cr. Law,* sec. 414; 1 *Ch. Cr. Law,* 252.

In case the Court should decide that an indictment will lie in such cases under the Code, but that the judgment must be reversed for error in the imposition of a fine, it is submitted that the Court can order a *procedendo* to correct the error.

GOLDSBOROUGH, J., delivered the opinion of this Court:

The appellants were indicted in the Circuit Court for Washington county, at the March Term 1860, for selling liquors, and allowing them to be drank in or about their store-house. The indictment alleges the offence to have been committed on the 18th day of February 1860.

The appellants demurred to all the counts in the indictment; but the Court overruled the demurrer. The facts

alleged being admitted by the demurrer, no testimony was taken.

The appellants then moved in arrest of judgment, and this motion being overruled, the Court entered judgment that they pay a fine of ten dollars, and costs of prosecution. From this judgment the appeal in this case was taken.

This prosecution is under the provisions of the Act of 1780, ch. 24, which prescribes that those who are guilty of the offences therein enumerated, may be indicted, and on conviction, may be fined ten dollars.

By the 3rd section of the 70th Article of the Code, offences such as the appellants are charged with, are not to be enquired of by presentment and indictment, but the Circuit Courts of the several counties, and Criminal Court of Baltimore, shall take cognizance thereof, on *application or remonstrance*, and may withdraw the licenses of persons complained of, to retail spirituous or fermented liquors, and shall exercise a sound discretion relative thereto.

It will be seen by the record, that the offence stated in the indictment occurred after the Code went into operation. The Code having provided a mode of proceeding and punishment wholly different from the Act of 1780, ch. 24, its provisions ought to have been pursued. Therefore the prosecution and judgment against the appellants were not authorized by the existing law, and the judgment must be reversed.

It was suggested by the appellee's counsel, that if this Court should reverse the judgment for error in the imposition of the fine, this Court could order a *procedendo* to correct the error.

The appellants, as appears by the record, to which we must confine our attention, having both demurred to the indictment and moved in arrest of judgment, we find that the whole prosecution and judgment were without warrant

of law, and there is, therefore, nothing on which the *procedendo* could operate.

